**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Northern Division**

|  |  |
|---|---|
| ANNE ARUNDEL COUNTY, | |
| Plaintiff, | Civil Action No. 1:24-cv-00090-MJM |
| v. | |
| EXPRESS SCRIPTS, INC., et al., | |
| Defendants. | |

**MEMORANDUM SUPPORTING**
**CERTAIN DEFENDANTS' MOTION FOR CERTIFICATION**

Maryland law has never endorsed the "broad definition" of public nuisance proposed by Plaintiff Anne Arundel County, Dkt. 63 at 7, and the Court should dismiss the amended complaint for the reasons set forth in Certain Defendants' Motion to Dismiss for Failure to State a Claim, Dkt. 56. But if this Court determines that Maryland law in this regard is unclear, then Defendants[1] ask that the Court certify the question to the Supreme Court of Maryland under the Uniform Certification of Questions of Law Act, Md. Code Ann., Cts. & Jud. Proc. § 12-603. Given the novelty of the County's claim under existing Maryland law, principles of federalism and judicial economy favor certification at this stage of the litigation if this Court considers allowing the County's claim to proceed.

## PROPOSED QUESTIONS[2]

1. Under Maryland's common law, can the licensed dispensing of, or the administration of benefits plans for, a medication approved by the U.S. Food and Drug Administration give rise to a claim for public nuisance?

2. If so, what are the elements of such a public-nuisance claim, and what types of potential relief can a local government plaintiff seek when asserting such a claim?

## LEGAL STANDARD

Federal courts must apply state law "as it is interpreted by the State's highest court." *Huntington*, 96 F.4th at 647 n.10 (quoting *Moore v. Equitrans, L.P.*, 27 F.4th 211, 220 (4th Cir. 2022)). "If the state supreme court has spoken neither directly nor indirectly on the particular

---

[1] Defendants OptumInsight, Inc. and OptumInsight Life Sciences, Inc. do not join this motion solely to preserve their jurisdictional defenses. *See* Dkts. 53, 54.

[2] In *City of Huntington v. AmerisourceBergen Drug Corp.*, the Fourth Circuit certified a similar question to the Supreme Court of Appeals of West Virginia: "Under West Virginia's common law, can conditions caused by the distribution of a controlled substance constitute a public nuisance and, if so, what are the elements of such a public nuisance claim?" 96 F.4th 642, 644 (4th Cir. 2024). Because the term "controlled substances" includes drugs that serve no legitimate medical purposes under federal law, its use here would be imprecise. *See Gonzales v. Raich*, 545 U.S. 1, 14 (2005) ("Schedule I drugs are categorized as such because of their high potential for abuse, lack of any accepted medical use, and absence of any accepted safety for use in medically supervised treatment.").

issue," the federal court must "predict how that court would rule if presented with the issue." *Moore*, 27 F.4th at 220 (citation omitted). In doing so, a federal court "should not create or expand a State's public policy." *Id.* (cleaned up). If the federal court is not "satisfied that it is able to anticipate the way in which the Maryland [Supreme Court] would rule," it may consider certification. *Bel Air Auto Auction, Inc. v. Great N. Ins. Co.*, 534 F. Supp. 3d 492, 502 (D. Md. 2021) (citation omitted).

Under Maryland's Uniform Certification of Questions of Law Act, the Supreme Court of Maryland may answer a certified question from this Court "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State." Md. Code Ann., Cts. & Jud. Proc. § 12-603. When the statutory criteria are satisfied, the decision whether to certify rests in the "sound discretion" of this Court. *Bunker v. Key Sch., Inc.*, 2024 WL 1580184, at *2 (D. Md. Apr. 11, 2024) (citation omitted). In exercising its discretion, the Court weighs "several considerations, including whether certification would save time, energy, and resources and build cooperative judicial federalism." *Id.* (citation omitted).

## ARGUMENT

Defendants' motion to dismiss cites several cases firmly indicating that the Supreme Court of Maryland would not expand existing Maryland public-nuisance law to cover the conduct alleged by the County. Dkt. 56-1 at 6–19. If this Court nevertheless remains uncertain on the scope of applicable Maryland law, then certifying questions of law to the Supreme Court of Maryland is warranted. The statutory criteria for certification are plainly satisfied: Defendants' proposed questions are "determinative" of the entire case, and no Maryland appellate court has encountered the novel breed of public-nuisance claim pressed by the County. *See* Md. Code Ann, Cts. & Jud.

Proc. § 12-603. Moreover, the decision to certify would be supported by federalism considerations and judicial economy.

## I.     FEDERALISM CONSIDERATIONS FAVOR CERTIFICATION.

Federalism interests weigh especially strongly in favor of certification when a case "presents novel issues of state law peculiarly calling for the exercise of judgment by the state courts." *McKesson v. Doe*, 592 U.S. 1, 5 (2020). Novel theories of liability under state law implicate delicate "consider[ation of] various moral, social, and economic factors, among them the fairness of imposing liability, the historical development of precedent, and the direction in which society and its institutions are evolving." *Id.* at 5 (citation omitted). Resolution of such issues by a federal court "is particularly gratuitous when the state courts stand willing to address questions of state law on certification." *Id.* (citation omitted).

No Maryland court has addressed a public-nuisance claim like the one the County presses here: The alleged public nuisance has no connection to real property; the alleged public right depends on an aggregate of individual injuries; no single defendant's conduct was sufficient to cause the alleged injuries; and a local government plaintiff seeks monetary relief in the form of an abatement order reimbursing past and future costs of public services. Dkt. 56-1 at 6–19. Indeed, Maryland's highest court has not upheld a common law public nuisance claim of *any* kind since 1977. *See Caine v. Cantrell*, 369 A.2d 56, 58–60 (Md. 1977). But if the Court questions whether existing Maryland law might support this claim, the Court should defer to the Supreme Court of Maryland, which is better positioned to balance the "various moral, social, and economic factors" involved with developing Maryland common law. *McKesson*, 592 U.S. at 5.

Moreover, a ruling on the legal issues presented by the County's public-nuisance claim could have potentially widespread implications beyond these parties, this case, and even beyond the thousands of lawsuits asserting public nuisance claims relating to prescription opioids.

Allowing the County to proceed on its public-nuisance claim could fundamentally reshape the ability of local governments in Maryland to regulate businesses via litigation. The widespread relevance of the legal issues presented in this case counsels in favor of seeking guidance from the Supreme Court of Maryland, if the Court is not prepared to dismiss under existing Maryland precedent. *See, e.g.*, *Tapestry, Inc. v. Factory Mutual Ins. Co.*, 599 F. Supp. 3d 331, 336 (D. Md. 2022) (certifying question in light of "the widespread relevance of this issue and the potential value of guidance from Maryland's highest court").[3]

## II.    JUDICIAL ECONOMY FAVORS CERTIFICATION.

Judicial economy considerations would also support certification at this stage if the Court were otherwise inclined to allow the County's claim to proceed. In the time since Defendants removed this case to federal court, the Fourth Circuit certified a similar question to the Supreme Court of Appeals of West Virginia in a case involving the potential expansion of public-nuisance law in West Virginia to encompass conduct allegedly contributing to an oversupply of prescription opioids. *See Huntington*, 96 F.4th at 644. The "more expedient and direct option of certifying the question" in the district court—rather than waiting until after this Court has expended significant time, energy, and resources on this case—may enhance judicial efficiency. *Bunker*, 2024 WL 1580184, at *3; *see Moore v. Realpage Utility Mgmt., Inc.*, 2021 WL 511216, at *4 (D. Md. Feb. 11, 2021) (finding that judicial economy favored certification because "[w]hile I may be capable of resolving the question in the way I believe the state's highest court of appeals would rule, a

---

[3] In addition to the Fourth Circuit in *Huntington*, the only other U.S. Court of Appeals to consider a common law public nuisance claim in a prescription opioid case likewise *sua sponte* certified a question to the Ohio Supreme Court. *See Trumbull County v. Purdue Pharma L.P.* (*In re Nat'l Prescription Opiate Litig.*), 82 F.4th 455, 465 (6th Cir. 2023), *certified question accepted*, 222 N.E.3d 661 (Ohio 2023).

foreseeable outcome of that resolution is an appeal resulting in the Fourth Circuit being asked to certify the question or definitively rule on a matter of Maryland state law").

**CONCLUSION**

For all these reasons, the Court should certify determinative questions of law to the Supreme Court of Maryland if it does not dismiss the County's public-nuisance claim.

Dated this 24th day of May, 2024.

| | |
|---|---|
| FUNK AND BOLTON PA | ALSTON & BIRD LLP |
| */s/ Bryan D. Bolton* | */s/ Brian D. Frey* |
| Bryan D. Bolton (D. Md. Bar No. 02112) | Brian D. Frey (D. Md. Bar No. 17592) |
| 100 Light Street, Suite 1400 | Anne J. Martin (D. Md. Bar No. 21952) |
| Baltimore, MD 21202 | 950 F Street NW |
| T: 410-659-7700 | Washington, DC 20004 |
| F: 410-659-7773 | T: 202-239-3300 |
| bbolton@fblaw.com | F: 202-239-3333 |
| | brian.frey@alston.com |
| | anne.martin@alston.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| | Michael Kaeding (*pro hac vice*) |
| Jonathan G. Cooper (D. Md. Bar No. 21345) | Matthew P. Hooker (*pro hac vice*) |
| Christopher G. Michel (*pro hac vice*) | Nicholas A. Young (*pro hac vice*) |
| 1300 I St. NW, Suite 900 | 555 Fayetteville Street, Suite 600 |
| Washington, DC 20005 | Raleigh, NC 27601 |
| T: 202-538-6600 | T: 919-862-2200 |
| F: 202-538-6700 | F: 919-862-2260 |
| jonathancooper@quinnemanuel.com | mike.kaeding@alston.com |
| christophermichel@quinnemanuel.com | matthew.hooker@alston.com |
| | nick.young@alston.com |
| *Attorneys for Defendants Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Pharmacy Service, Inc., and Express Scripts Pharmacy, Inc.* | *Attorneys for Defendants OptumRx, Inc.* |

ZUCKERMAN SPAEDER LLP
 */s/ Conor B. O'Croinin*
Conor B. O'Croinin (D. Md. Bar No. 28099)
Samantha Miller (D. Md. Bar No. 21374)
100 E. Pratt Street, Suite 2440
Baltimore, MD 21202

T: 410-332-0444
F: 410-659-0436
cocroinin@zuckerman.com

Eric R. Delinsky (D. Md. Bar No. 17466)
Ezra B. Marcus (*pro hac vice*)
1800 M Street, N.W., 10th Floor
Washington, DC 20036
T: 202-778-1814
F: 202-822-8106
emarcus@zuckerman.com

*Attorneys for CVS Health Corporation,
Caremark Rx, L.L.C., CaremarkPCS Health,
L.L.C., Caremark, L.L.C., Maryland CVS
Pharmacy, L.L.C., CVS Pharmacy, Inc.*